UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA MARIE DUTTON,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Case No. ED CV 13-0049 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Regina Marie Dutton ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected her credibility. (Joint Stip. at 3-6, 9-10.) The Court agrees with Plaintiff for the reasons discussed below.

 A. <u>The ALJ Failed to Provide Clear and Convincing Reasons for Rejecting Plaintiff's Credibility</u>

An ALJ may reject a claimant's credibility "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings

are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, the ALJ provided three reasons in support of his credibility determination. The Court addresses, and rejects, each in turn.

First, the ALJ found that the "objective evidence does not support [Plaintiff's] allegations as to the severity of her impairments." (Administrative Record ("AR") at 17.) The results of *objective* medical tests, however, speak little about a Plaintiff's *subjective* pain. *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (noting "the inability of medical science to objectively verify the extent of pain experienced by an individual"). As such, the Commissioner "may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); *see Bunnell*, 947 F.2d at 345; 20 C.F.R. § 404.1529(c)(2).

Moreover, and contrary to the ALJ's assertion, the objective medical evidence *does* support Plaintiff's testimony. In particular, the ALJ erroneously reported that an MRI, dated May 2010, showed only "mild" findings. (AR at 17.) In fact, the study revealed "*moderate* disc space narrowing/degeneration at L5-S1." (*Id.* at 293) (emphasis added). Further, an EMG from September 9, 2011, well after Plaintiff's reparative surgery, showed chronic denervation. (*Id.* at 517.) This finding, "consistent with chronic lumbar radiculopathy," contradicts the ALJ's assertion that Plaintiff's surgery was entirely successful. (*See id.* at 17.)

Thus, as to this ground, the ALJ's credibility determination is inadequate.

Second, the ALJ found that Plaintiff's activities of daily living are inconsistent with her subjective complaints. (*Id.*) Specifically, the ALJ contrasted Plaintiff's allegations of "total disability" with her abilities to read, prepare simple meals, talk on the phone, use the computer, drive, travel, and look for work. (*Id.*)

2

1    Unmentioned, however, is Plaintiff's clarification that she accomplishes many
2 of these tasks with the aid of her daughter and husband. (*Id.* at 62.) Plaintiff's
3 daughter helps her to bathe, groom, and dress, while her husband does the cooking
4 and *all* of the household chores. (*Id.*) Moreover, such activities are not typically
5 considered substantial gainful activities. *See Lewis v. Apfel*, 236 F.3d 503, 516 (9th
6 Cir. 2001) (referencing "taking care of oneself, household tasks, hobbies, school
7 attendance, club activities, [and] social programs"). These activities can discredit a
8 claimant only if they are transferable to a work setting and constitute a substantial
9 portion of one's day. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

10    Further, it appears that the ALJ exaggerated portions of Plaintiff's daily
11 activities. Regarding Plaintiff's ability to travel, Plaintiff testified that *once* her
12 friend took her to a cabin, approximately two hours away, where they relaxed and
13 relieved stress. (AR at 39.) As to Plaintiff's ability to look for work, Plaintiff
14 explained that she had stopped doing so nearly a year and half before the date of the
15 ALJ's decision. (*Id.* at 35.) Given these facts, this reason fails to qualify as a clear
16 and convincing one.

17    Finally, the ALJ found that Plaintiff "received infrequent treatment for her
18 lower back pain and related symptoms." (*Id.* at 17.) Here, however, Plaintiff
19 provided a declaration explaining that she did not seek more treatment because she
20 could not afford it. (*Id.* at 241.) Plaintiff's inability to obtain treatment due to her
21 financial condition is not a proper reason to discount her credibility. *Regennitter v.*
22 *Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1999) (explaining that
23 an ALJ may not reject "a claimant's complaints for lack of treatment when the
24 record establishes that the claimant could not afford it"); *see Smolen v. Chater*, 80
25 F.3d 1273, 1284 (9th Cir. 1996). It was thus improper to reject Plaintiff's credibility
26 on this ground.

27    Accordingly, for the reasons stated above, the Court determines that the ALJ
28 improperly rejected Plaintiff's credibility.

3

B.  <u>Remand is Warranted</u>

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, there are outstanding issues which must be resolved before a final determination can be made. On remand, the ALJ shall reconsider Plaintiff's subjective complaints and the resulting functional limitations, and either credit Plaintiff's testimony or provide clear and convincing reasons, supported by substantial evidence, for rejecting them.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[1]

Dated: February 28, 2014

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

[1]  In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contention. (*See* Joint Stip. at 11-15, 19-27.)

4